IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

Petitioner,

v.                                                                    CASE NO. 25-3193-JWL

JEFF ZMUDA, ET AL.[1],

Respondents.

MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by

Petitioner and Kansas state prisoner Joshua Jensen. The Court has conducted an initial review of

the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts and will direct Petitioner to show cause in writing why this matter should not be dismissed

because it was not timely filed.

Background

In April 2021, in Ellsworth County District Court, Petitioner pled no contest to and was

convicted of battery against a law enforcement officer. *See* (Doc. 1, p. 1); Kansas District Court

Public Access Portal, *State v. Jensen*, Case. No. 2021-CR-000007, Journal Entry of Judgment filed

July 22, 2021. On July 15, 2021, the state district court sentenced Petitioner to 36 months of

probation with an underlying sentence of 44 months in prison. *Id.* Petitioner advises that he did

---

[1] Petitioner has named Kansas Secretary of Corrections Jeff Zmuda and Kansas Attorney General Kris Kobach as Respondents in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Gloria Geither, the current interim warden of Lansing Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

not appeal from the conviction, nor has he filed any other petitions, applications, or motions in state court regarding this judgment of conviction. (Doc. 1, p. 2-3.)

On September 18, 2025, this Court received from Petitioner the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.) Because Petitioner neither paid the required filing fee nor submitted a motion to proceed in forma pauperis, meaning without prepayment of the filing fee, this Court issued a notice of deficiency (NOD) directing Petitioner to either pay the fee or submit a motion to proceed in forma pauperis within 30 days. (Doc. 2.) Petitioner remains obligated to comply with the NOD.

**Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**Analysis**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Nothing in the current petition suggests that another subsection of the statute applies to control the date on which the one-year limitation period began. The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

In Kansas, a criminal defendant generally must appeal within 14 days after judgment. *See* K.S.A. 22-3608(c). Because Petitioner was convicted by a district judge upon a plea of no contest, however, Petitioner may not have been allowed to appeal. *See* K.S.A. 22-3602(a) ("No appeal shall be taken by the defendant from a judgment of conviction . . . upon a plea of . . . nolo contendere, except that . . . grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507, and amendments thereto."). Even assuming that Petitioner could have filed an appeal from the conviction, the last day on which he could do so was July 30, 2021. As he concedes in his petition, he did not appeal.

Thus, on July 31, 2021, the one-year AEDPA limitation period began to run. Under the

3

"anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was July 31, 2022. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003). Because July 31, 2022 was a Sunday, Petitioner had until the end of Monday, August 1, 2022 to file a timely § 2254 petition in this Court. *See* Fed. R. Civ. P. 6(a)(1); *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. 2011) (unpublished) (applying Rule 6). Petitioner did not file his § 2254 petition until September 2025. (Doc. 1.)

The AEDPA also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, however, Petitioner states that he filed no application for State post-conviction or other collateral review. (Doc. 1, p. 3.) In the section of the petition dedicated to timeliness, Petitioner explains:

> During my entire stay at Ellsworth County Jail, I was granted access to every room and cell in the Jail. If that Jail had an adaquate law library, I would have spent all available time in it. So I could learn to protect myself. One day I will learn to protect myself, from this system. I will learn how to make things bend and break cause this is not right and it is not helping anyone. Pushing a plea bargain under duress by definition violates 18 U.S.C. § 2331(5)(B)(i) & (iii) Terrorism (i) to intimidate or coerce a civilian Population (iii) to Affect the conduct of a government by mass destruction, assasination, or kidnapping which ultamitly is treason Because WE THE PEOPLE ARE the United States[.]

(Doc. 1, p. 13-14 (all errors in original).)

Even liberally construed, this language does not provide an explanation of why Petitioner did not file his federal habeas petition within the one-year statutory limitation period. And, as noted above, this Court cannot act as Petitioner's advocate or construct arguments for him. *See Garrett*, 425 F.3d at 840. Thus, it appears that this petition is untimely and must be dismissed as time-barred.

**Equitable Tolling**

The federal habeas one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

Nothing in the petition now before the Court alleges circumstances that justify equitable tolling of the statute of limitations in this matter. Petitioner will be granted time, however, to assert specific facts that support the conclusion that extraordinary circumstances beyond his control prevented him from timely filing this federal habeas petition. He must also show that he was diligently pursuing his claims during the time he wishes this Court to equitably toll the federal habeas statute of limitations.

**Actual Innocence**

Additionally, an exception to the one-year time limitation exists where a petitioner adequately asserts his or her actual innocence by presenting new, reliable evidence. "[A]ctual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568

Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

To obtain this exception, Petitioner is not required to conclusively exonerate himself; rather, his "burden at the gateway stage is to demonstrate 'that more likely than not any reasonable juror would have reasonable doubt.'" *Fontenot*, 4 F.4th at 1030 (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)). In any event,

> tenable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

To qualify for this exception, or pass through the actual innocence gateway, Petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). In addition, because Petitioner was convicted not by a jury but upon a no-contest plea, the required showing may be even more difficult. First, he must make a colorable claim of actual innocence of the charge to which he pled no contest.

> Furthermore, "[i]n cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." [*Bousley v. United States*, 523 U.S. 614, 624 (1998).] *Id.* at 624, 118 S. Ct. 1604. The Supreme Court's holding in *Bousley* prevents a petitioner from artificially narrowing the scope of the actual innocence inquiry through plea bargaining.

*Taylor v. Powell*, 7 F.4th 920, 933 (10th Cir. 2021). Thus, if Petitioner received the benefit of dismissed charges in exchange for his no-contest plea, he must demonstrate actual innocence as to the dismissed charges as well.

## Conclusion

In summary, this matter does not appear to have been timely filed and Petitioner has not shown entitlement to statutory tolling or equitable tolling, nor has he shown that he should be allowed to pass through the actual innocence gateway to avoid the federal habeas statute of limitations. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 review and issue further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed as untimely without further prior notice to him.

**IT IS THEREFORE ORDERED THAT** Gloria Geither, current interim Warden of Lansing Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until and including **October 20, 2025**, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation. The failure to timely respond to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 18th day of September, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge