IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

                              **Petitioner,**

      v.                                                                                                                CASE NO. 25-3193-JWL

GLORIA GEITHER,

                              **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Joshua Jensen. When Petitioner began this matter, he neither paid the required filing fee nor filed a motion to proceed in forma pauperis. Thus, on September 18, 2025, the Court issued a notice of deficiency granting Petitioner 30 days in which to either pay the fee or submit a motion to proceed in forma pauperis. (Doc. 2.) The notice expressly cautioned Petitioner that "[i]f you fail to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1.

Despite Petitioner's fee status remaining pending, the Court conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court then issued a memorandum and order to show cause (MOSC) that set forth the procedural history that led to this matter and the standards under which timeliness is calculated. (Doc. 3, p. 1-4.) It concluded that "Petitioner had until the end of Monday, August 1, 2022 to file a timely § 2254 petition in this Court" and, because he did not file his petition until September 2025, it is untimely. *Id.* at 4.

The MOSC then explained the doctrine of equitable tolling of the federal habeas statute of

limitations and the circumstances under which a petitioner may be excused from complying with the statute of limitations. *Id.* at 5-6. Ultimately, however, the Court found that Petitioner has not shown entitlement to equitable tolling or that he should be allowed to avoid enforcement of the statute of limitations. *Id.* at 7. The Court therefore directed Petitioner to show cause in writing, on or before October 20, 2025, why this matter should not be dismissed as untimely filed. *Id.* The MOSC cautioned Petitioner: "The failure to timely respond to this order will result in this matter being dismissed without further prior notice to Petitioner." *Id.*

As of the date of this order, the Court has not received from Petitioner any response to the MOSC, nor has it received the filing fee or a motion to proceed in forma pauperis. Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Based on Petitioner's failure to comply with the Court's notice of deficiency, the Court could dismiss this matter without prejudice under Rule 41(b). But since Petitioner also has failed to respond to the MOSC, the Court maintains its prior conclusion that this matter must be dismissed as time-barred. And when a matter is dismissed as time-barred, it is dismissed with prejudice. *See Haney v. Addison*, 175 F.3d 1217, 1219-21 (10th Cir. 1999) (affirming dismissal with prejudice of untimely 2254 petition); *Navarette v. Horton*, 2023 WL 1773856, *1 (10th Cir. 2023) (unpublished) (same); *Staszak v. Lind*, 668 Fed. Appx. 343, 343-44 (10th Cir. 2016) (unpublished) (same). Thus, this matter will be dismissed with prejudice because it was not timely filed.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue

only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed with prejudice as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 22nd day of October, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge